UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| LYNN B. GRIFFIN and SUANNE J. GRIFFIN, | Case No. 1:08-cv-50 |
| Plaintiffs, | HONORABLE PAUL MALONEY |
| v. | |
| ROBERT J. REZNICK, THOMAS J. ROYAL II, LARRY NIELSON, ERIC KING, DUE PROCESS OF MICHIGAN INC., COUNTY OF GENESSEE, COUNTY OF GLADWIN, COUNTY OF EATON, CITY OF COLEMAN, JODY MANN, WIENNER & GOULD P.C., SETH D. GOULD, and DAVID H. ELLENBOGEN,[1] | |
| Defendants. | |

**Opinion and Order**

**Denying Three Defendants' Motion to Dismiss or for Summary Judgment;
Holding that Michigan's Res Judicata Doctrine Does Not Preclude Plaintiffs' Claims**

Three of the defendants in this federal civil-rights action move to dismiss the complaint as

to them, or in the alternative for summary judgment as to them, on the ground that a prior state-court

ruling is *res judicata* under Michigan common law.  For the reasons that follow, the court will deny

the motion and permit plaintiffs to proceed on all claims against all defendants.

---

[1]

Defendant Ashley J. Ponter was dismissed without prejudice on May 30, 2008 because the Griffins failed to effect valid service of process and file a petition verifying that service by the date specified in an order of this court.  The Griffins allege that Ponter "returned to England following this incident."  P's Opp at 8.

Defendant John Deere Credit was dismissed by voluntary joint stipulation on June 23, 2008.

## BACKGROUND

Plaintiff Lynn Griffin owned Seldom Rest Farms, Inc. ("Seldom Rest") when it financed the purchase of a John Deere combine through former defendant John Deere Credit, Inc. ("Deere") in 1999.  In September 2003, Deere sued Seldom Rest in the Circuit Court of Eaton County, Michigan, claiming breach of the security agreement pertaining to the combine, represented by the law firm of Wienner & Gould, P.C. ("W&G", also a defendant in the instant case).  In April 2004, Deere won a judgment against Seldom Rest for about $97,600; after applying credits from the sale of the combine, the balance due from Seldom Rest to Deere was about $39,400.

Deere hired defendants Due Process of Michigan, Inc. ("DPM") and Robert J. Reznick ("Reznick") to collect on the remainder of the judgment against Seldom Rest.  On December 22, 2005, DPM and Reznick attempted to collect the judgment at the corporate address of Seldom Rest, which was also the Griffins' home at the time.

Seldom Rest filed a motion in Michigan state court, seeking the return of seized property and the imposition of sanctions for alleged excessive fees charged by Deere.  Seldom Rest contended that the individuals who seized the property were not authorized to do so.  After an evidentiary hearing, the state court issued an opinion in April 2007 and ordered Deere to return a truck and $5,518 that its agents had seized from the Griffins.  After discussing MICH. CT. R. 2.103, MICH. CT. R. 3.106(B), and MICH. COMP. LAWS 600.6001, and Michigan common law, the state-court judge wrote, in pertinent part,

> The Court finds that the Plaintiff's agents were authorized by statute and court rule to serve the writ.
>
> While the testimony of witnesses varied, the Court is not clear as to what happened at the Griffin home on the date in question.  Much of the testimony was contradictory

and self-serving.  Each side's testimony exaggerates their positions.[2]

The Court finds that the Plaintiff's agents improperly seized an asset that was not the property of the Defendant, Seldom Rest Farms, Inc.  They also used this improper seizure to negotiate an agreement to return both vehicles if a $5,000 check cleared.  The check cleared but only one vehicle was returned.

Also the agents improperly took $5178 in cash from Richard Seume.  The Court finds Mr. Seume's testimony credible as to the manner in which the money was taken from him.  He was coerced and intimidated by the agents.

The Plaintiff's [sic] agents charged the following fees:

---

[2]

The Griffins' opposition brief provides a detailed and dramatic description of what they allege happened at their home on December 22, 2005.  *See* P's Opp at 8-10.  However, the Griffins do not cite any document filed with this court under oath or penalty of perjury, such as an affidavit or deposition transcript.  As federal courts commonly instruct juries, "'Statements, arguments, and remarks of counsel . . . are not evidence.'"  *Johnson v. Bell*, 525 F.3d 466, 485 (6th Cir. 2008) (quoting with approval a trial judge's instruction to the jury); *see also US v. Brogdon*, 503 F.3d 555, 561 n.4 (6th Cir. 2007) (citations omitted), *cert. denied*, – U.S. –, 128 S.Ct. 1291 (2008).

Accordingly, the court disregards the Griffins' counsel's assertions about what allegedly happened on December 22, 2005, and will continue to disregard them until and unless they are supported by specific citations to affidavit, deposition testimony, or the like.  *See, e.g., EEOC v. Rocket Enters., Inc.*, 2007 WL 4126527, *3 n.1 (E.D. Mich. Nov. 19, 2007) ("In the brief, Plaintiff also argues that Charles Bowers told Bischoff . . . .  However, Plaintiff failed to cite to any evidence, and this exchange was not included in the deposition excerpt provided.  Thus, the Court did not consider this remark in the analysis."); *Rorig v. Thiemann*, 2007 WL 2462653, *6 n.9 (S.D. Ohio Aug. 27, 2007) ("Rorig claimed in her opposition memorandum that she and her agents . . . .  Unfortunately, Rorig fails to cite anything in the record to support this claim . . . .").

*Cf. Adams v. Lockheed Martin Energy Sys., Inc.*, 199 F. App'x 405, 410 (6th Cir. 2006) ("Plaintiffs suffer from a paucity of supporting evidence, neglecting to target any specific facts . . . . Instead they offer general allegations and cite to entire depositions rather than specific supporting testimony of a deponent.");  *Flowers v. Potter*, 2008 WL 697630, *1 n.6 (S.D. Ohio Mar. 11, 2008) (Walter Herbert Rice, J.) ("Plaintiff does not cite to his own deposition testimony as support for any of the arguments contained in his Memorandum in Opposition.  A review of the docket indicates that no such document was separately filed. [T]he Court is not required to wade through and search the entire record for further evidentiary support for the Plaintiff's arguments.").

In any event, what really happened on December 22, 2005 is not material to the lone issue presented by this motion:  whether, under Michigan's doctrine of *res judicata*, the prior state-court judgment in *John Deere v. Seldom Rest* precludes the Griffins' claims against these three defendants.

Statutory services and mileage:     $116.01
Statutory percentage of line 6 fees:     $365.54
Statutory expenses:     $983.00

The Plaintiff concedes that its agents' fees were excessive by $49.26. In addition the balance of the fees and expenses charged are not proper inasmuch as the seizure of the property was not proper.

The Defendant requests treble damages against the plaintiff under 600.2559(b). However, the sanctions under the statute are directed against the person serving the process, not the Plaintiff.

\* \* \*

The parties should be placed where they were prior to the improper seizure. The vehicles and money are to be immediately returned.

The judgment continues to be outstanding and the Plaintiff still has remedies. However, the Plaintiff should not benefit from the improper seizure.

No treble damages are awarded against the Plaintiff as the statute provides the remedy against the servers of the writ.

The Court also finds that the servers of the writ were authorized under the statute to do so. No sanctions are awarded on this basis.

This Court denies Defendant's request for actual attorney fees [and] sanctions, but allows Defendant its statutory costs and fees.

Opinion of Hon. Thomas S. Eveland, Circuit Judge for Eaton Cty., issued April 2, 2007, at 3-5.

Seldom Rest did not file a motion for reconsideration or a motion for relief from judgment, nor did they appeal to the Michigan Court of Appeals. About one year later, the Griffins filed the state-court action which was removed to this court.

## PROCEDURAL HISTORY

The Griffins sued Reznick and all the other defendants in the Circuit Court of Eaton County, Michigan, in late 2007, and defendants Seth D. Gould ("Gould") and the firm Wienner & Gould, P.C. ("W&G") timely removed the case to this court in January 2008. All other defendants who

were served timely filed answers that same month, except Eaton County and Thomas J. Royal II, who timely filed answers in February and March 2008, respectively.  Defendants Gould, W&G, and David Ellenbogen filed a motion to dismiss or for summary judgment in June 2008, the Griffins filed an opposition brief on July 1, 2008, and the three moving defendants filed a reply brief on July 9, 2008.  There have been no other filings or proceedings since that time.

## LEGAL STANDARD:  FAILURE TO STATE A CLAIM

This court assesses a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted under the same standard as a Rule 12(c) motion for judgment on the pleadings. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).  Such motions turn on legal issues, not an assessment of the evidence.  *Technology Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 640 n.5 (6th Cir. 2006) (Richard Allen Griffin, J.) ("*Tech Rec*"); *see also Thomas v. Arn*, 474 U.S. 140, 150 n.8 (1985) ("[M]otions for . . . dismissal for failure to state a claim on which relief can be granted . . . consist exclusively of issues of law.").  A Rule 12(b)(6) / 12(c) motion is simply one permissible avenue for contending that the complaint should be dismissed because it fails to state a claim on which relief can be granted.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006) ("a defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading . . . or by motion for judgment on the pleadings, or at the trial . . . .") (quoting FED. R. CIV. P. 12(h)(6)).

Such motions "presume as a legal matter the lack of any need for an evidentiary hearing . . . ."  *US v. Raddatz*, 447 U.S. 667, 693-94 (1980).  Indeed, the court must accept all of the complaint's factual allegations as true and construe the complaint in the light most favorable to the

plaintiff.  *Tech Rec*, 186 F. App'x at 640 n.5 (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005) ("*PONI*")); *see also Bohanan v. Bridgestone/Firestone No. Am. Tire, LLC*, 260 F. App'x 905, 906 (6th Cir. 2008) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).  But the court need not draw unwarranted factual inferences or accept the plaintiff's *legal* conclusions.  *Bohanan*, 260 F. App'x at 906 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

And each claim's factual allegations must *plausibly* suggest a viable claim; the claim must be plausible and not merely conceivable.  *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 455 (6th Cir. 2007) (en banc) (Sutton, J., joined by Griffin et al.) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, –, 127 S.Ct. 1955, 1974 (2007)); *see generally Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 296 n.1 (6th Cir. 2008) (discussing our Circuit's standard for 12(b)(6) motions after *Twombley* and *Erickson v. Pardus*, 550 U.S. –, 127 S.Ct. 2197 (2007), which was issued two weeks after *Twombley*).  "The 'factual allegations must be enough to raise a right to relief above the speculative level'", not merely create a "'*suspicion* of a legally cognizable cause of action . . . .'" *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Twombley*, 550 U.S. at –, 127 S.Ct. at 1974) (internal alterations omitted).[3]  There must be either direct or inferential allegations regarding all the material elements of each claim.  *LULAC v. Bredesen*, 500 F.2d 523, 527 (6th Cir. 2007) (McKeague, J.) (citing *Twombley*, 550 U.S. at –, 127 S.Ct. at 1969).

When considering whether to grant a Rule 12(c) or 12(b)(6) motion, the court primarily

---

[3]

       *Twombley* "retired the 'no set of facts' formulation of the Rule 12(b)(6) standard and dismissed an antitrust-conspiracy complaint because it did not contain facts sufficient to 'state a claim to relief that is plausible on its face.'" *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 337 n.4 (6th Cir. 2007) (quoting *Twombley*, 550 U.S. at –, 127 S.Ct. at 1974).

considers the complaint's allegations, but may also take into account items appearing in the record and attached exhibits. *LaFace Records, LLC v. Does 1-5*, 2008 WL 513508, *3 (W.D. Mich. Feb. 22, 2008) (Maloney, J.) (citing *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)).

## LEGAL STANDARD: SUMMARY JUDGMENT

Summary judgment is proper if the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Appalachian Railcar Servs., Inc. v. Consumers Energy Co.*, – F. Supp.2d –, 2008 WL 828112, *13 (W.D. Mich. Mar. 25, 2008) (Maloney, J.) ("ARS") (quoting *Conley v. City of Findlay*, 266 F. App'x 400, 404 (6th Cir. 2008) (Griffin, J.) (quoting FED. R. CIV. P. 56(c))). *Accord Brown v. Brown*, 739 N.W.2d 313, 316 (Mich. 2007).

The movant has the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Conley*, 266 F. App'x at 404 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). However, the movant "need not support its motion with affidavits or other materials 'negating' the opponent's claim"; rather, the movant's initial burden is only to "point out to the district court that there is an absence of evidence to support the nonmoving party's case . . . ." *Wilson v. Continental Dev. Co.*, 112 F. Supp.2d 648, 654 (W.D. Mich. 1999) (Bell, J.) (citing *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993)), *aff'd o.b.*, 234 F.3d 1271, 2000 WL 1679477 (6th Cir. 2000).

Once the movant has met its burden, the non-movant must present "significant probative evidence" to demonstrate that there is more than "some metaphysical doubt as to the material facts."

*ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Conley*, 266 F. App'x at 404 (quoting

*Moore*, 8 F.3d at 339-40)).  The non-movant may not rest on the mere allegations of his pleadings.

*Wilson*, 112 F. Supp.2d at 654 (citing FED. R. CIV. P. 56(e) and *Copeland v. Machulis*, 57 F.3d 476,

479 (6th Cir. 1995)).[4]  Moreover, the mere existence of an alleged factual dispute between the parties

will not defeat an otherwise properly supported summary judgment motion; there must be some

genuine issue of *material* fact.  *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Conley*, 266

F. App'x at 404 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986))).

The court must accept the non-movant's factual allegations, *ACLU v. NSA*, 493 F.3d 644,

691 (6th Cir. 2007) (concurrence) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)),

*cert. denied*, – U.S. –, 128 S.Ct. 1334 (2008),[5] and view the evidence in the light most favorable to

the non-movant, giving it the benefit of all reasonable inferences.  *Fox v. Eagle Dist. Co., Inc.*, 510

F.3d 587, 592 (6th Cir. 2007) (Griffin, J.).  But the court considers its evidence only to the extent that

it would be admissible at trial.  *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Healing*

*Place*, 744 N.W.2d at 177 (citing MICH. CT. R. 2.116(G)(6) and *Veenstra v. Washtenaw Country*

*Club*, 645 N.W.2d 643, 648 (Mich. 2002))).

Ultimately, "[e]ntry of summary judgment is appropriate 'against a party who fails to make

a showing sufficient to establish the existence of an element to that party's case, and on which that

---

4

Accord *Healing Place at No. Oakland Med. Ctr. v. Allstate Ins. Co.*, 744 N.W.2d 174, 177
(Mich. App. 2007) ("When the burden of proof at trial would rest on the nonmoving party, the
nonmovant may not rest on mere allegations or denials in the pleadings, but must, by documentary
evidence, set forth specific facts showing that there is a genuine issue for trial.") (citing *Quinto v.
Cross & Peters Co.*, 547 N.W.2d 314, 317 (Mich. 1996)).

5

Accord *Dolan v. Continental Airlines/Express*, 563 N.W.2d 23, 26 (Mich. 1997).

party w[ould] bear the burden of proof at trial.'" *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13

(citing *Davison v. Cole Sewell Corp.*, 231 F. App'x 444, 447 (6th Cir. 2007) (quoting *Celotex*, 477

U.S. at 322)).[6] As then-Chief Judge Bell characterized the post-trilogy summary-judgment standard,

"[w]hile preserving the constitutional right of civil litigants to a trial on meritorious claims, the

courts are now vigilant to weed out fanciful, malicious, and unsupported claims before trial."

*Wilson*, 112 F. Supp.2d at 654.


## A Federal Court's Application of State Law

"'In applying state law, we anticipate how the relevant state's highest court would rule in

the case and are bound by controlling decisions of that court.'" *Appalachian Railcar Servs. v.*

*Boatright Enters., Inc.*, – F. Supp.2d –, –, 2008 WL 828112, *14 (W.D. Mich. 2008) (Paul L.

Maloney, J.) ("*ARS*") (quoting *National Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc.*, 472 F.3d

436, 438 (6th Cir. 2007) (Richard Allen Griffin, J.) (citation omitted)).  If the state supreme court has

---

[6]

A trilogy of 1986 Supreme Court decisions "made clear that, contrary to some prior precedent, the use of summary judgment is not only permitted but encouraged in certain circumstances . . . ." *Collins v. Assoc'd Pathologists, Ltd.*, 844 F.2d 473, 475-76 (7th Cir. 1988). *Accord In re Fin. Federated Title & Trust, Inc.*, 347 F.3d 880 (11th Cir. 2003) (the trilogy "encourage the use of summary judgment as a means to dispose of factually unsupported claims.");

*Hurst v. Union Pacific Rail Co.*, 1991 WL 329588, *1 (W.D. Okla. 1991) ("This trilogy of cases establishes that factual and credibility conflicts are not necessarily enough to preclude summary judgment and encourage that a summary judgment be used to pierce the pleadings and determine if there is in actuality a genuine triable issue."), *aff'd*, 958 F.2d 1002 (10th Cir. 1992);

*Bowser v. McDonald's Corp.*, 715 F. Supp. 839, 840 (S.D. Tex. 1989) (the trilogy "encouraged federal district courts to use summary judgment more frequently and economically by changing the movant's burden of production . . . and by allowing qualitative review of evidence") (citations omitted).

not conclusively decided the issue, a federal court presumptively looks to the decisions of the state's appellate courts: "In anticipating how the state supreme court would rule, 'we look to the decisions of the state's intermediate courts unless we are convinced that the state supreme court would decide the issue differently.'" *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14 (citing *US v. Lancaster*, 501 F.3d 673, 679 n.3 (6th Cir. 2007) (Griffin, J.) (citation omitted)). In determining what is the controlling law of the State, a federal court also "*may* give weight" to the decisions of the State's trial courts, *Bradley v. GMC*, 512 F.2d 602, 605 (6th Cir. 1975) (citing *Royal Indem. Co. v. Clingan*, 364 F.2d 154 (6th Cir. 1966)), especially when the trial court's decision is consistent with state appellate decisions, *Bradley*, 512 F.2d at 605.

## PRECEDENTIAL VALUE OF MICHIGAN DECISIONS

A federal court must accord the same precedential value to a state-court decision as it would be accorded by that state's courts. *See ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14 (citing (citing *Mutuelle Generale Francaise Vie v. Life Ass. Co. of Pa.*, 688 F. Supp. 386, 397 n.15 (N.D. Ill. 1988) ("[O]ne Supreme Court decision (*Fidelity Union Trust Co. v. Field*, 311 U.S. 169 . . . (1940)) . . . required a federal court to ascribe the same precedential force to a New Jersey trial court decision that such a decision would receive in that state's court system under the peculiarities of New Jersey law.")). If a state court would not be bound by a particular state-court decision, then neither is this court. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14 (citing *King v. Order of United Commercial Travelers of America*, 333 U.S. 153, 161 (1948) ("a federal court adjudicating a matter of state law in a diversity suit is, in effect, only another court of the State; it would be incongruous indeed to hold the federal court bound by a decision which would not be binding on any state

court.") (citation omitted)).

Michigan Court Rule 7.215(C)(2) states that "[a] published decision of the Court of Appeals has precedential value under the rule of stare decisis." This subsection makes no distinction based on when the decision was issued.. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14.

However, Michigan Court Rule 7.215(J)(1) provides that "[a] panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals *issued on or after November 1, 1990*, that has not been reversed or modified by the Supreme Court or by a Special Panel of the Court of Appeals as provided in this rule." . *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14 (emphasis added).

Synthesizing Michigan Court Rules 7.215(C)(2) and 7.215(J)(1), the Michigan Court of Appeals accords precedential value to *all* of its prior published decisions, regardless of when they were issued. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14. When a post-November 1, 1990 published Court of Appeals decision conflicts with a *pre*-November 1, 1990 published Court of Appeals decision, however, the *post*-November 1, 1990 decision prevails. *Id.*

When there is a conflict between two published decisions of the Court of Appeals that were *both* issued *after* November 1, 1990, Michigan courts must follow the first opinion that addressed the matter at issue. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *15 (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W. 2d 546, 554 (Mich. App. 1999) (citation omitted)).

By contrast, Michigan Court of Appeals panels are not bound by *un*published decisions of that same court, regardless of when they were issued. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *15 (citing *Iqbal v. Bristol West Ins. Group*, 748 N.W.2d 574, 582 n.5 (Mich. App. 2008) (citing MICH. CT. R. 7.215(J)(1))). Nonetheless, this court may consider unpublished state-court decisions,

so long as they do not contradict published decisions of the Michigan Supreme Court or Michigan Court of Appeals. *See Republic-Franklin Ins. Co. v. Bosse*, 89 F.3d 835, 1996 WL 301722, *5 n.4 (6th Cir. June 4, 1996) (although unpublished decisions are not generally controlling under Ohio law, "[w]e cite them, nevertheless, due to our sensitivity to state law in deciding diversity cases.") (citing *Royal Indem. Co.*, 364 F.2d at 154 ("Although we are not bound in a diversity case by an unreported decision of a State court of original jurisdiction, we may give weight to this [unreported] decision of the chancery [court] in determining what is the controlling [state] law.")).

Finally, a federal court's interpretation of state law is not binding. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14 (citing *Leavitt v. Jane L.*, 518 U.S. 137, 146 (1996) (Stevens, J., dissenting o.g., joined by Souter, Ginsburg, & Breyer, JJ.) ("[T]he decision of a federal court (even this Court) on a question of state law is not binding on state tribunals . . . .")). Accordingly, this court will seriously consider our Circuit's interpretation of state law but is not bound by it. *See ARS*, – F. Supp.2d at –, 2008 WL 828112 at *15.

## DISCUSSION

The Full Faith and Credit statute, 28 U.S.C. § 1738, provides that "The records and judicial proceedings of any Court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." In other words, a federal court must give state-court judgments the same preclusive effect that they would have in the rendering State's courts. *Bates v. Van Buren Twp.*, 459 F.3d 731, 734 (6th Cir. 2006) (citing *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 80-82 (1984)). Therefore, this court applies Michigan state law to determine whether Griffin's claims

against the three moving defendants are precluded by the judgment in the prior state-court action.

The res judicata doctrine reflects "'the recognition that interminable litigation leads to vexation, confusion, and chaos for the litigants, resulting in the inefficient use of judicial time.'" *Vertigan v. S.A. Torello, Inc.*, 2003 WL 1689443, *2 (Mich. App. Mar. 27, 2003) (quoting *Schwartz v. Flint*, 466 N.W.2d 357 (Mich. App. 1991) (citing *Gose v. Monroe Auto Equip. Co.*, 294 N.W.2d 165 (Mich. 1980))).

"The Michigan Supreme Court 'has taken a broad approach to the doctrine of res judicata,' determining that it 'bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" *Bates*, 459 F.3d at 734 (quoting *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004)). The doctrine "'bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.'" *Id.*

The court determines that the first criterion for Michigan *res judicata* is satisfied because the state judge decided the prior action (*John Deere Credit, Inc. v. Seldom Rest Farm, Inc.*, Circuit Court of Eaton County, Michigan) on its merits. The state court's decision was based solely on the evidence and the substance of the parties' arguments, and it was a conclusive ruling, not a temporary, conditional, or "without prejudice" resolution. The state court's decision was not based on lack of prosecution, the first-filed rule, lack of jurisdiction, failure to join an indispensable party, or any other ground which the Michigan appellate courts have held or suggested are non-merits decisions for this purpose. *See, e.g., Estate of DePriest v. Mercy Mem . Hosp. Corp.*, 2008 WL 2745986, *2 (Mich. App. July 15, 2008) ("Res judicata does not bar plaintiff's complaint because

no lawsuit filed prior to the present case was dismissed with prejudice.  Moreover, the subsequent lawsuit was dismissed merely because the present lawsuit was pending,") (citing, *inter alia*, *Washington v. Sinai Hosp.*, 733 N.W.2d 755 (Mich. 2007)); *Proassurance Corp. v. Nefcy*, 2008 WL 2356356, *3 (Mich. App. June 10, 2008) ("*Unless the court otherwise specifies in its order for dismissal*, a dismissal under this subrule or *a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits*.") (quoting MICH. CT. R. 2.504(b)(3) and following *Al-Shimmari v. Detroit Med. Ctr.*, 731 N.W.2d 29 (Mich. 2007)) (emphasis added).

The second criterion of Michigan's *res judicata* doctrine (privity) may be satisfied,[7] but the court need not address that issue, because the third criterion is not satisfied.  It is undisputed that the Griffins' claims in this action, and many if not all of the issues those claims implicate, were not actually resolved in the prior action.  The question, then, is whether reasonable diligence should have led Seldom Rest to raise these issues or claims, on its own behalf or on the Griffins' behalf, in

---

[7]

It appears that plaintiff *Lynn* Griffin was and is the sole owner of the defendant in the state-court case, Seldom Rest, though this court need not and does not make a finding on that issue.  If that is the case, then plaintiff *Suann* Griffin did not and does not have any ownership interest in Seldom Rest.  Even assuming *arguendo* that Lynn Griffin's ownership of Seldom Rest places him in privity with Seldom Rest for purposes of Michigan *res judicata*, there is no such basis for finding *Suann* Griffin to be in privity with Seldom Rest for that purpose.

If *Suann* Griffin is to be found in privity with Seldom Rest, that finding would need to rest on some other foundation.  *See generally Bates*, 459 F.3d at 734 ("To be in privity is to be so identified in interest that the first litigant represents the same legal right that the later litigant is trying to assert.  The outer limit of the doctrine traditionally requires both (1) a 'substantial identity of interests' and (2) 'a working functional relationship' in which (3) the interests of the nonparty are presented and protected by the party in the litigation.") (quoting *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004)); *City of Detroit v. Thomas*, 2007 WL 2192629, *4 (Mich. App. July 31, 2007) ("The parties to the second action need be only substantially identical to the parties in the first action . . . .") (citing *Peterson Novelties, Inc. v. City of Berkley*, 672 N.W.2d 351 (Mich. App. 2003)).

the prior action.  The answer to that question is "no."

> The moving defendants argue that
>
> [b]oth the first case and the case at bar involve a single group of operative facts – namely, the collection attempts that took place on December 22, 2005 [at the Griffins' home].  It does not matter that Plaintiffs now assert new theories of liability.  The question is whether proof of the same facts or evidence as required to sustain the previous action is necessary in the second action.  That question must be answered affirmatively here, as Plaintiffs' claims properly belonged to the subject of the first case in which Plaintiffs objected to the collection attempts against them.  Plaintiffs are obligated to advance in one proceeding every alternative basis for relief and the Plaintiffs' failure to do so here bars the litigation of the claim[s].
>
> The Michigan Supreme Court has held that "when a litigant's right to affirmative relief is independent of a cause of action asserted against him and it is relied upon only as a defense to that action, he is barred from seeking affirmative relief thereon in a subsequent proceeding." *Ternes,* at 619.
>
> Here, the Plaintiffs' right to affirmative relief was relied upon as a defense in the first action.  In that case, John Deere Credit collected money and vehicles from the Griffins and Seldom Farms Rest [sic].  The Griffins' defense was that John Deere Credit should not be allowed to keep the property, because of improper threats by the court officers executing the writ.
>
> Thus, Plaintiffs are now barred from seeking affirmative relief based upon the impropriety of the collection attempts, because Plaintiffs used this basis as a defense in the prior action.  In other words, the issues in this case were resolved in the first case.  Therefore, the second element of claim preclusion is satisfied.  *Energy Reserves, Inc. v. Consumers Power Co.,* . . . 561 N.W. 854[, 861 [Mich. App.] 1997).

P's Opp at 12-13 (other internal citations omitted).

As the movants correctly note, the application of Michigan res judicata is not foreclosed by the fact that the Griffins have asserted theories of liability that were not asserted by the parties to the prior Deere-Seldom Rest action.  *York v. Wayne Cty. Sheriff*, 403 N.W.2d 152, 155-56 (Mich. App. 1987) (prior action by sheriff's deputies for unpaid wages during a particular time period barred later action by their union against county for unpaid wages for the same period, notwithstanding that union asserted a theory of liability not asserted by the deputies in the earlier

action); *see, e.g., Genesee Care, LC v. Oskey Bros. Const. Co., Inc.*, 2004 WL 1778940, *3 (Mich. App. Aug. 10, 2004) ("[W]e would uphold the application of res judicata to this case under either version [of MICH. CT. R. 2.203(A), governing compulsory joinder of claims], because . . . the new action amounted to relitigation of a decided issue under a different theory."); *Randles v. Hudson*, 1999 WL 33455039, *1 (Mich. App. Feb. 19, 1999) ("While this lawsuit may involve a new issue or legal theory not . . . raised in the former suit, e.g., the gross negligence exception to governmental immunity, the doctrine of res judicata applies to all claims arising out of the same transaction or occurrence that could have been raised in [the] previous lawsuit but were not,  i.e., where the same facts or evidence are essential to the maintenance of the two actions.") (citations omitted); *Purification Sys., Inc. v. Mastan Co.*, 198 N.W.2d 807, 808-10 (Mich. App. 1972) (prior action where plaintiff sought recovery for breach of contract precluded plaintiffs' later action seeking recovery in implied contract or *quantum meruit* for the same transaction or occurrence), *overruling o.g. recog'd by Frost v. Cockerham*, 417 N.W.2d 599 (Mich. App. 1987).

Nonetheless, the movants identify no Michigan authority to convince this court that the Michigan Supreme Court would hold that the Griffins' claims against them are precluded because their putative privy (Seldom Rest) did not take the steps necessary to assert them against these defendants in the prior action (*Deere v. Seldom Rest*).

The movants assert that "The Michigan Supreme Court has held that 'when a litigant's right to affirmative relief is independent of a cause of action asserted against him and it is relied upon only as a defense to that action, he is barred from seeking affirmative relief thereon in a subsequent proceeding.'" Movants' Reply at 5 (quoting *Ternes Steel Co. v. Ladney*, 111 N.W.2d 859, 861 (Mich. 1961)).  That statement represents the law of Michigan, as far it goes.  *See, e.g., Schuhardt*

-16-

*v. Jensen*, 160 N.W.2d 590, 591 (Mich. App. 1968) ("The plaintiff, having asserted his cause of action as an affirmative defense in the earlier suit, is estopped to assert it again here.") (citing *Ternes*, 111 N.W.2d 859, and *Leslie v. Mollica*, 211 N.W. 267 (Mich. 1926)).

But the movants' characterization of *Ternes* is misleadingly incomplete.  The movants conveniently neglect to quote the very next sentence of the opinion, where the Michigan Supreme Court stated, "*But if he does not rely upon his claim as a defense to the first action, or as counterclaim thereto, he is not barred from subsequently maintaining his action for affirmative relief in an independent [action].*"  *Ternes*, 111 N.W.2d at 861 (emphasis added) (citing *Mimnaugh v. Partlin*, 34 N.W. 717 (Mich. 1887) and *Jennison Hardware Co. v. Godkin*, 70 N.W. 428 (Mich. 1897)).  The Michigan Supreme Court went on to apply that rule of law to the claims before it, stating,

> In other words, plaintiff can plead breach of warranty as a defense in the first suit, he can plead it as a defense *and* a counterclaim in the first suit, *or he can sue thereon subsequently for affirmative relief*, but he cannot combine the alternatives.  Once he raises the issue, it must be fully and finally determined.

*Ternes*, 111 N.W.2d at 861 (emphasis added).  The movants have not suggested that the Michigan Supreme Court has ever overruled or materially modified *Ternes*'s statement of that State's res judicata doctrine.  On the contrary, Michigan's lower courts have followed *Ternes* on this score. *See, e.g., Bormuth v. Hillcrest Mem. Park*, 1998 WL 1989576, *1 (Mich. App. Oct. 16, 1998) (p.c.) (P.J. Whitbeck, J. McDonald, Cir. J. Hicks) ("Since plaintiffs did not rely on their present tort claim either in defense of or as a counterclaim to the prior small claims action, res judicata does not preclude from now suing on that claim.") (citing *Ternes* and *Kellepourey v. Burkhart*, 413 N.W.2d 758 (Mich. App. 1987)).

So far as our record reflects, in the prior action here, *Deere v. Seldom Rest*, the Griffins'

-17-

putative privy Seldom Rest did not plead any of the Griffins' current claims as a defense or counterclaim to Deere's action to collect on its judgment.  Specifically, the movants present no evidence that Seldom Rest relied on 42 U.S.C. §§ 1983 and 1985, the federal Fair Debt Collection Practices Act, the Michigan Consumer Protection Act, or the Michigan common law of conspiracy, as a defense or counterclaim against Deere.  Thus it appears that under *Ternes*, the Michigan Supreme Court would not bar the Griffins' current claims as res judicata.[8]

In fairness to the movants, a Michigan Court of Appeals panel recently characterized *Ternes'* statement of res judicata law as dicta.  In *Gross v. Landin*, 2004 WL 1908124 (Mich. App. Aug. 26, 2004) (p.c.) (P.J. Owens, JJ. Kelly & Gribbs), the court discussed *Ternes* as follows:

> [D]efendants' reliance on *Ternes* is misplaced.  That case is distinguishable and, in any event, the discussion of res judicata therein was not necessary to the determination.  In *Ternes*, unlike the instant case, Ternes (the defendant in the first action) had *actually defended the first action on the basis of* breach of warranty (successfully).  Ternes then filed a second action for *damages* arising from the breach of warranty.  The Supreme Court, in dicta, noted its disapproval of that practice, but its holding was not grounded thereon since res judicata had not been raised below.

*Gross*, 2004 WL 1908124 at *2 (emphasis in original, footnote 2 omitted).  Because *Gross* is unpublished, this court is not required to accept its characterization of *Ternes'* res judicata statement as dictum.  Moreover, as noted *supra*, Michigan's lower courts have stated that even dictum from Michigan's highest court "may" be and perhaps "should" be considered persuasive.  Nonetheless, from an abundance of caution, the court assumes *arguendo* that *Gross* is right and *Ternes'* statement

---

8

*Cf. Gates Learjet Corp. v. Duncan Aviation*, 851 F.2d 303, 307 (10th Cir. 1988) ("There is no authority in Michigan which supports the district court's ruling based upon comparative fault principles that if a co-defendant wants to diminish its share of liability, it must present its cross-claim for contribution and indemnification in the initial action.  In fact, *under Michigan case law, if a party does not rely upon his claim as a defense to the first action, he is not barred from later maintaining his action for affirmative relief in a subsequent suit*.") (emphasis added) (citing *Ternes*).

-18-

was not a holding.  Therefore, the court considers more-recent Michigan appellate decisions to see whether they present binding authority contrary to *Ternes*.  They do not.

Moreover, the Griffins identify a published Michigan Court of Appeals decision which strongly suggests that their claims are *not* precluded by Seldom Rest's decision not to raise them as counterclaims in the prior action.  In *Board of Cty. Road Comm'rs for Eaton Cty. v. Schultz*, 521 N.W.2d 847 (Mich. App. 1994), Schultz filed a negligence action in Michigan state court against the Eaton County road commissioners for injuries that his horse sustained when it stepped into a hole in a culvert.  The parties reached a settlement and jointly stipulated to the dismissal with prejudice of Schultz's negligence claim against the commissioners.  *Schultz*, 521 N.W.2d at 849.

Thereafter, Schultz filed another action in Michigan state court claiming that the hole constituted an "intrusive nuisance"; the commissioners secured summary judgment on the grounds of res judicata.  *Id.*  The commissioners brought a third action against Schultz for breach of contract, claiming that he breached the first action's settlement agreement by bringing the second action, and seeking recovery of the costs they incurred in defending the second action (the one they won on grounds of res judicata).  *Id.*  Schultz moved for summary disposition under res judicata, contending that the commissioners should have raised their breach-of-settlement claim as a counterclaim in the second action instead of waiting to file it as a separate action later.  The state court granted Schultz's motion on that basis, and the commissioners appealed.  *Id.*

The Michigan Court of Appeals reversed, holding that the res judicata doctrine did *not* require the commissioners to assert their breach-of-settlement claim as a counterclaim in the second action, but rather permitted them to file a third action asserting it.  The Court of Appeals wrote,

> Plaintiff commissioners also argue that the court erred in granting summary disposition . . . based upon principles of res judicata and collateral estoppel. We

agree.

* * *

* * * For purposes of our analysis, the "first" case is Schultz's intrusive nuisance suit against the road commissioners [which was settled and dismissed with prejudice], and the "second" case is the road commissioners' breach of contract action against Schultz [which was dismissed on summary disposition in Schultz's favor based on res judicata]. It is apparent that the road commissioners' breach of contract action was not and could not have been decided in Schultz's intrusive nuisance suit because the same evidence would not sustain both actions. *Jones* [*v. State Farm Mut. Auto. Ins. Co.*, 599 N.W.2d 829 (Mich. App. 1993)]. *Only if the road commissioners had opted to bring a counterclaim on breach of contract grounds in the intrusive nuisance case would the breach of contract issue have arisen, and then only as a counterclaim.* The most that was decided in the intrusive nuisance suit concerning the parties' stipulation was that the stipulation did not operate as a release, and so was an unsuccessful *defense* for the road commission.

*To treat the **defense** of release as identical to an **action** for breach of contract for purposes of res judicata, as Schultz would have us do, overlooks their fundamental differences. Causes of action and defenses are not interchangeable.* Here, for example, the fact of a breach and the question of damages are irrelevant in the release defense. *We conclude that res judicata does not bar the road commissioners' breach of contract action* [even though they could have asserted it as a counterclaim in the earlier suit].

*Schultz*, 521 N.W.2d at 850-51 (italics added, boldface in original).

In the words of our Circuit, the year after *Schultz,* another panel of the Michigan Court of Appeals "[i]n *Sprague v. Behagiar* . . . precluded a claim *under the same circumstances*." *Pryor v. City of Lansing*, 70 F. App'x 810, 814 (6th Cir. 2003) (Kennedy, Cole, U.S.D.J. Glen Williams) (emphasis added) (citing *Sprague v. Behagiar*, 539 N.W.2d 587 (Mich. App. 1995)).

The same Sixth Circuit panel called *Schultz* "the exception" in Michigan res judicata law, *Pryor*, 70 F. App'x at 814, but the basis for that characterization is not apparent. The Circuit cited no Michigan decisions at any level that have sided with *Sprague* rather than *Schultz* in an identical or similar situation. *See Pryor*, 70 F. App'x at 813-14. In any event, "[t]he Michigan Court of

-20-

Appeals has noted but not resolved this split of authority" between *Schultz* and the later decision in *Sprague*. *See Pryor*, 70 F. App'x at 814 (citing *Karp v. Michigan Nat'l Bank*, 2001 WL 721383 (Mich. App. Feb. 27, 2001). *See Karp*, 2001 WL 721383 at *8 ("While *Sprague* indeed purports to bar an action involving a counterclaim that could have been brought in a prior proceeding . . . , another panel of this Court reached a contrary conclusion in . . . *Schultz* . . . . We need not resolve this conflict, however, in light of our conclusion that plaintiff's claims from his original complaint *actually were litigated* in the prior proceeding.") (emphasis in original).[9]

---

[9]

A district court in our circuit asserted that under Michigan law,

> Once the three elements are met, claim preclusion can operate in two ways. It will bar "not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. That latter aspect of *claim preclusion also bars claims that a party could have brought as counterclaims in the first action.*

*Reid v. Thetford Twp.*, 377 F .Supp.2d 621, 625 (E.D. Mich. 2005) (Gadola, J.) (emphasis added, internal citation omitted). For this characterization of Michigan common law, however, the district court cited only another federal opinion, *Hendrix v. Roscommon Twp.*, 2004 WL 1197359 (E.D. Mich. May 18, 2004). Federal-court opinions, of course, are *not* binding or authoritative interpretations of state law. *See ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14 ("[A] federal court's interpretation of state law is not binding.") (citing *Leavitt*, 518 U.S. at 146 ("[T]he decision of a federal court (even this Court) on a question of state law is not binding on state tribunals . . . .")).

Moreover, the federal district court in *Hendrix* itself cited no *Michigan* decisions holding that a defendant must assert counterclaims (or file a third-party complaint) arising out of the same events or else be barred by *res judicata* from bringing those claims as a plaintiff later. Nor have the movants here cited any such Michigan decisions.

Finally, the federal district court in *Reid* conceded, "at least one Michigan case had the opposite holding." *Reid*, 377 F. Supp.2d at 625 (citing *Schultz*, 512 N.W.2d 847). *Reid* attempts to avoid the Michigan Court of Appeals' *Schultz* decision by relying on our Circuit's statement that *Schultz* "is the exception," but again, a federal court's characterization of state law is not binding or authoritative. As noted below, *Schultz* is a published decision of the Michigan Court of Appeals, so subsequent panels of that same court were obligated to follow it unless and until it is overruled by a "special panel" or by the Michigan Supreme Court.

In any event, there can be no so-called "split of authority" between two post-1990 published decisions of the Michigan Court of Appeals.  To the extent that the Michigan Court of Appeals' decision in *Sprague* conflicts with the earlier panel's decision in *Schultz*, Michigan Court Rules expressly mandate adherence to the earlier decision.  As noted above, MICH. CT. R. 7.215(J)(1) provides that "[a] panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court or by a Special Panel of the Court of Appeals as provided in this rule."  *See also Novak v. Nationwide Mut. Ins. Co.*, 599 N.W. 2d 546, 554 (Mich. App. 1999) (citation omitted)).

The Michigan Supreme Court recently reaffirmed the continuing vitality of this requirement.  That Court went out of its way to emphasize the duty to follow an earlier published decision over a later published decision purporting to announce a different rule of law:

> * * *  Since the circuit court reached the correct result, we deny the defendant's application for leave to appeal the Court of Appeals order . . . .
>
> However, we write briefly to eliminate a conflict between two published Court of Appeals opinions.  Specifically, we overrule the statement in *Kopp v. Zigich* [Mich. App. 2005] that a plain reading of the comparative fault statutes does not require proof of a duty before fault can be apportioned and liability allocated.  That is an incorrect statement of Michigan law.  In *Jones v. Enertel, Inc.* [Mich. App. 2002], the Court of Appeals held that a duty must first be proved before the issue of fault or proximate cause can be considered.  *Under the "first out" rule of MCR 7.215(J)(1), the Kopp panel should have followed Jones or declared a conflict under MCR 7.215(J)(2).  Because the Kopp panel did not declare a conflict, Jones is the controlling precedent . . . .*

*Romain v. Frankenmuth Mut. Ins. Co.*, 754 N.W.2d 257, 258 (Mich. 2008) (per curiam for a

---

Because *Schultz* has not been overruled by a special panel or the Michigan Supreme Court, it remains good law.

unanimous Court) (footnotes 3-6 omitted, internal quotation marks omitted, emphasis added).

Consequently, the Michigan Court of Appeals' 1994 published decision in *Schultz* remains controlling precedent for Michigan's lower courts.[10]  Absent even a contrary suggestion or dicta[11] from the Michigan Supreme Court, *Schultz* is the best predictor of how a Michigan court would rule on the application of res judicata in this situation.  Therefore, although this motion presents a difficult issue, fidelity to Michigan common law requires this court to conclude that a Michigan court would *not* bar the Griffins' claims against the moving defendants because of Seldom Rest's "failure", in a post-judgment action, to file a third-party complaint[12] against Gould, W&G, and

---

[10]

Later trial-court or Court of Appeals decisions are bad law to the extent that they are inconsistent with *Schultz*. *See, e.g., Forgach v. Stacey*, 2008 WL 681900, *1-2 (Mich. App. Mar. 13, 2008) (p.c.) (P.J. Whitbeck, JJ. Owens & Schuette) (holding, without citation to authority, that although instant plaintiff had no means for bringing instant defendant into the earlier action, res judicata barred one of plaintiff's claims against defendant because "plaintiff was free to file a separate action against defendant and seek to have that case consolidated with the earlier one").

[11]

Obiter dictum is "an incidental remark or opinion" or "a judicial opinion related but not essential to a case", and in Michigan even the Supreme Court's dictum "does not constitute binding precedent under MCR 7.215(J)(1)." *Allison v. AEW Capital Mgmt., LP*, 751 N.W.2d 8, 18 (Mich. 2008) (citation omitted).  However, the Supreme Court's dictum "may" be considered persuasive by Michigan's lower courts. *See Dessart v. Burak*, 652 N.W.2d 669, 673 n.5 (Mich. App. 2002) (citing *People v. Higuera*, 625 N.W.2d 444, 449 (Mich. App. 2001) (quoting BLACK'S LAW DICTIONARY (7th ed.))), *aff'd*, 678 N.W.2d 615 (Mich. 2004); *see also Ivezaj v. Auto Club*, 737 N.W.2d 807, 817 (Mich. App. 2007); *Carr v. City of Lansing*, 674 N.W.2d 168, 172 (Mich. App. 2003).

At least one Court of Appeals panel recently went farther, stating that Supreme Court dictum "should" be considered persuasive. *See Wisne v. Michigan Dep't of Treasury*, 2008 WL 2117136, *6 n.1 (Mich. App. May 20, 2008) (p.c.) (P.J. Owens, JJ. White & Murray) (citation omitted).

Whether Michigan's lower courts "may" or "should" consider Supreme Court dictum persuasive, this court would accord serious consideration to that Court's dictum in the absence of an actual Supreme Court *holding* squarely or closely addressing the state-law issue presented here.

[12]

The moving defendants quote the Sixth Circuit's statement that "[e]ven if the exception

Ellenbogen in *Deere v. Seldom Rest* and assert their myriad claims there.

## ORDER

The motion to dismiss or for summary judgment filed by defendants Seth D. Gould, Wienner & Gould P.C., and David Ellenbogen [document # 26] is **DENIED.**

This is <u>not</u> an appealable order.  With exceptions not applicable here,[13] an order denying

recognized by the [*Schultz*] court is approved by the Michigan Supreme Court, the rule has no application in this case because Plaintiffs' present claims could not have arisen as a defense in the previous state court action."  Movant Defs.' Reply at 4 (quoting *Pryor*, 70 F. App'x at 814).  The movants' reliance on *Pryor* is unavailing for three reasons.

First, unpublished decisions of the Circuit, such as *Pryor*, do not bind any court.  *See Williams v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 n.4 (6th Cir.) (Griffin, J.) ("Unpublished decisions of this court are not precedentially binding under the doctrine of stare decisis.") (citing *US v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007)), *cert. denied sub nom. Welshans v. Aetna Life Ins. Co.*, – U.S. –, 128 S.Ct. 671 (2007); *see also Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp.2d 674, 680 n.5 (W.D. Mich. 2007) (Maloney, J.) (citing, *inter alia*, 6TH CIR. R. 206(c)).

Second, as noted above, a federal court's interpretation of state law is not binding on that State's courts.  When interpreting state law, this court must accord decisions the same precedential value as would the State's courts (in this case, *none*).

Third, with due respect to the *Pryor* panel, its reasoning is unpersuasive.  In *Schulz*, the Michigan Court of Appeals held that the road commissioners' current claims were not precluded by their failure to assert them as counterclaims (rather than merely defenses) as defendants in the prior action.  *Pryor* asserts that *Schulz* does not apply – and res judicata *does* apply – when the current claims "could not have arisen as a defense in the previous state court action."  *Pryor*, 70 App'x at 814.  But that distinction, if it makes any difference at all, cuts the other way.  If reasonable diligence does not require a defendant to avoid preclusion *by raising claims as counterclaims* when they constitute defenses, *a fortiori* it would not require a defendant to avoid preclusion *by taking the more onerous step of filing a third-party complaint* to raise claims that are not even potential defenses against any existing claims, against persons that were not even plaintiffs.

13

*See, e.g., Kellerman v. Simpson*, 258 F. App'x 720, 723 (6th Cir. 2007) (Griffin, J.) (when defendant seeks summary judgment on basis of qualified official immunity and court denies motion, the denial is immediately appealable to the extent that it involves only legal issues rather than factual disputes) (citations omitted).

summary judgment is interlocutory, and this court has not certified an interlocutory appeal. *See Bd. of Ed. of Avon Lake City Sch. Dist. v. Patrick M.*, 215 F.3d 1325, 2000 WL 712500, *4 n.5 (6th Cir. 2000) ("Absent certification [of] an interlocutory appeal under 28 U.S.C. § 1292(b) or FED. R. CIV. P. 54(b), an order disposing of fewer than all parties or claims is nonappealable.") (citing *Wm. B. Tanner Co. v. US*, 572 F.2d 101, 102 (6th Cir. 1978)).

**IT IS SO ORDERED this 28th day of October, 2008.**


/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge