UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LYNN B. GRIFFIN and SUANNE J. GRIFFIN, | Case No. 1:08-cv-50 |
| Plaintiffs, | HONORABLE PAUL L. MALONEY |
| v. | |
| ROBERT J. REZNICK, THOMAS J. ROYAL II, LARRY NIELSON, ERIC KING, DUE PROCESS OF MICHIGAN INC., COUNTY OF GENESSEE, COUNTY OF GLADWIN, COUNTY OF EATON, CITY OF COLEMAN, JODY MANN, WIENNER & GOULD P.C., SETH D. GOULD, and DAVID H. ELLENBOGEN,[1] | |
| Defendants. | |

### Opinion and Order

**Granting in Part and Denying in Part Nielsen & Royal's Motion for Summary Judgment:**

**Finding that Royal & Nielson Complied with Local Civil Rule 7.1;
Declining to Consider Plaintiffs' Request for Rule 11 Sanctions;
Holding that Michigan's Res Judicata Doctrine Does Not Preclude the Plaintiffs' Claims;
Dismissing the Plaintiffs' FDCPA Claim as Time-Barred**

This is a federal civil-rights and fair debt collection practices action against fifteen

defendants.  In June 2008, three of the defendants – Seth D. Gould ("Gould"), the firm Wienner &

---

[1]

Defendant Ashley Ponter was dismissed without prejudice on May 30, 2008 because the Griffins failed to effect valid service of process and file a petition verifying that service by the date specified in an order of this court.  The Griffins allege that Ponter "returned to England following this incident."  Plaintiffs' Brief in Opposition to the Wienner Defendants' MTD at 8.

Defendant John Deere Credit was dismissed by voluntary joint stipulation on June 23, 2008.

Gould, P.C. ("W&G"), and David Ellenbogen ("Ellenbogen"), collectively "the Wienner defendants" – moved to dismiss the complaint as to them, or in the alternative for summary judgment as to them, on the ground that a prior state-court ruling is *res judicata* under Michigan common law. By opinion issued October 28, 2008, this court denied the motion of Gould, W&G, and Ellenbogen.

On September 24, 2008, two other defendants – Thomas J. Royal II ("Royal") and Larry Nielson ("Nielson") – filed a motion for summary judgment. Royal and Nielson contend that all of the Griffins' claims are barred by Michigan's doctrine of *res judicata*, and that their claim under the Fair Debt Collection Practices Act ("FDCPA") is barred by 15 U.S.C. § 1692k(d)'s one-year statute of limitations. For the reasons that follow, the court will deny Royal and Nielson's motion in part and grant it in part. Specifically, the court rejects Royal and Nielson's res judicata argument but agrees that the Griffins' FDCPA claim is time-barred.

## BACKGROUND

Plaintiff Lynn Griffin owned Seldom Rest Farms, Inc. ("Seldom Rest") when it financed the purchase of a John Deere combine through former defendant John Deere Credit, Inc. ("Deere") in 1999. In September 2003, Deere sued Seldom Rest in the Circuit Court of Eaton County, Michigan, claiming breach of the security agreement pertaining to the combine, represented by the law firm of Wienner & Gould, P.C. ("W&G", also a defendant in the instant case). In April 2004, Deere won a judgment against Seldom Rest for about $97,600; after applying credits from the sale of the combine, the balance due from Seldom Rest to Deere was about $39,400.

Deere hired defendants Due Process of Michigan, Inc. ("DPM") and Robert J. Reznick

("Reznick") to collect on the remainder of the judgment against Seldom Rest.  On December 22, 2005, DPM and Reznick attempted to collect the judgment at the corporate address of Seldom Rest, which was also the Griffins' home at the time.

Seldom Rest filed a motion in Michigan state court, seeking the return of seized property and the imposition of sanctions for alleged excessive fees charged by Deere.  Seldom Rest contended that the individuals who seized the property were not authorized to do so.  After an evidentiary hearing, the state court issued an opinion in April 2007 and ordered Deere to return a truck and $5,518 that its agents had seized from the Griffins.  After discussing MICH. CT. R. 2.103, MICH. CT. R. 3.106(B), and MICH. COMP. LAWS 600.6001, and Michigan common law, the state court wrote, in part,

> The Court finds that the Plaintiff's agents were authorized by statute and court rule to serve the writ.
>
> While the testimony of witnesses varied, the Court is not clear as to what happened at the Griffin home on the date in question.  Much of the testimony was contradictory and self-serving.  Each side's testimony exaggerates their positions.[2]

---

[2]

The Griffins' brief in opposition brief to the motion of Gould *et al.* provided a detailed description of what they allege happened at their home on December 22, 2005.  *See* Pls.' Opp to Wienner Defs.' MTD at 8-10.  However, the Griffins did not cite any document filed with this court under oath or penalty of perjury, such as an affidavit or deposition transcript.  As courts commonly instruct juries, "'Statements, arguments, and remarks of counsel . . . are not evidence.'"  *Johnson v. Bell*, 525 F.3d 466, 485 (6th Cir. 2008) (quoting with approval a jury instruction).

Accordingly, the court disregarded the Griffins' counsel's assertions about what happened on December 22, 2005, and will continue to disregard them until and unless they are supported by citations to affidavit, deposition, or the like.  *See EEOC v. Rocket Enters., Inc.*, 2007 WL 4126527, *3 n.1 (E.D. Mich. Nov. 19, 2007) ("In the brief, Plaintiff also argues that Charles Bowers told Bischoff . . . .  However, Plaintiff failed to cite to any evidence, and this exchange was not included in the deposition excerpt provided.  Thus, the Court did not consider this remark in the analysis.").

*Cf. Adams v. Lockheed Martin Energy Sys., Inc.*, 199 F. App'x 405, 410 (6th Cir. 2006) ("Plaintiffs suffer from a paucity of supporting evidence, neglecting to target any specific facts . .

The Court finds that the Plaintiff's agents improperly seized an asset that was not the property of the Defendant, Seldom Rest Farms, Inc. They also used this improper seizure to negotiate an agreement to return both vehicles if a $5,000 check cleared. The check cleared but only one vehicle was returned.

Also the agents improperly took $5178 in cash from Richard Seume. The Court finds his testimony credible as to the manner in which the money was taken from him. He was coerced and intimidated by the agents.

The Plaintiff's agents charged the following fees:

|  |  |
|---|---|
| Statutory services and mileage: | $116.01 |
| Statutory percentage of line 6 fees: | $365.54 |
| Statutory expenses: | $983.00 |

The Plaintiff concedes that its agents' fees were excessive by $49.26. In addition the balance of the fees and expenses charged are not proper inasmuch as the seizure of the property was not proper.

The Defendant requests treble damages against the plaintiff under 600.2559(b). However, the sanctions under the statute are directed against the person serving the process, not the Plaintiff.

* * *

The parties should be placed where they were prior to the improper seizure. The vehicles and money are to be immediately returned.

The judgment continues to be outstanding and the Plaintiff still has remedies. However, the Plaintiff should not benefit from the improper seizure.

No treble damages are awarded against the Plaintiff as the statute provides the remedy against the servers of the writ.

The Court also finds that the servers of the writ were authorized under the statute to

---

. . Instead they offer general allegations and cite to entire depositions rather than specific supporting testimony of a deponent."); *Gage v. US*, 2008 WL 974044, *4 (N.D. Ohio Apr. 7, 2008) (Christopher Boyko, J.) ("Plaintiff has failed to present an affidavit and fails to cite to relevant deposition testimony that would satisfy her prima facie requirements.").

In any event, what really happened on December 22, 2005 was not material to the lone issue presented by the Gould motion (whether, under Michigan's doctrine of *res judicata*, the prior state-court judgment in *John Deere v. Seldom Rest* precludes the Griffins' claims against the Gould movants), nor is it material to the issues raised by Royal and Nielson's motion.

-4-

do so.  No sanctions are awarded on this basis.

This Court denies Defendant's request for actual attorney fees' sanctions, but allows Defendants its statutory costs and fees.

Opinion of Hon. Thomas S. Eveland, Circuit Judge for Eaton Cty., issued April 2, 2007, at 3-4. Seldom Rest did not file a motion for reconsideration or a motion for relief from judgment, nor did they appeal to the Michigan Court of Appeals.  About one year later, in March 2008, the Griffins filed the state-court action which was removed to this court.

## PROCEDURAL HISTORY

The Griffins sued Reznick and all the other defendants in the Circuit Court of Eaton County, Michigan, in late 2007, and defendants Seth D. Gould ("Gould") and the firm Wienner & Gould, P.C. ("W&G") timely removed the case to this court in January 2008.  All other defendants who were served timely filed answers that same month, except Eaton County and Thomas J. Royal II, who timely filed answers in February and March 2008, respectively.  Defendants Gould, W&G, and David Ellenbogen filed a motion to dismiss or for summary judgment, which the court denied by opinion and order issued on October 28, 2008.

On September 24, 2008, defendants Royal and Nielson moved for summary judgment as to the entire complaint on the ground of *res judicata*, and for summary judgment as to the FDCPA claim alone on the ground of untimeliness.  On October 22, 2008, the Griffins filed a timely opposition brief, and on November 5, 2008 Royal and Nielson filed a timely reply brief.

## LEGAL STANDARD:  SUMMARY JUDGMENT

Summary judgment is proper if the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Appalachian Railcar Servs., Inc. v. Consumers Energy Co.*, – F. Supp.2d –, 2008 WL 828112, *13 (W.D. Mich. 2008) (Maloney, J.) ("ARS") (quoting *Conley v. City of Findlay*, 266 F. App'x 400, 404 (6th Cir. 2008) (Griffin, J.) (quoting FED. R. CIV. P. 56©). *Accord Brown v. Brown*, 739 N.W.2d 313, 316 (Mich. 2007).

The movant  has the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Conley*, 266 F. App'x at 404 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  However, the movant "need not support its motion with affidavits or other materials 'negating' the opponent's claim"; rather, the movant's initial burden is only to "point out to the district court that there is an absence of evidence to support the nonmoving party's case . . . ."  *Wilson v. Continental Dev. Co.*, 112 F. Supp.2d 648, 654 (W.D. Mich. 1999) (Bell, J.) (citing *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993)), *aff'd o.b.*, 234 F.3d 1271, 2000 WL 1679477 (6th Cir. 2000).

Once the movant has met its burden, the non-movant must present "significant probative evidence" to demonstrate that there is more than "some metaphysical doubt as to the material facts." *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Conley*, 266 F. App'x at 404 (quoting *Moore*, 8 F.3d at 339-40)).  The non-movant may not rest on the mere allegations of his pleadings. *Wilson*, 112 F. Supp.2d at 654 (citing FED. R. CIV. P. 56(e) and *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995)).[3]  Moreover, the mere existence of an alleged factual dispute between the parties

---

[3]

*Accord Healing Place at No. Oakland Med. Ctr. v. Allstate Ins. Co.*, 744 N.W.2d 174, 177

will not defeat an otherwise properly supported summary judgment motion; there be some genuine

issue of *material* fact. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Conley*, 266 F. App'x

at 404 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986))).

The court must accept the non-movant's factual allegations, *ACLU v. NSA*, 493 F.3d 644,

691 (6th Cir. 2007) (concurrence) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)),

*cert. denied*, – U.S. –, 128 S.Ct. 1334 (2008),[4] and view the evidence in the light most favorable to

the non-movant, giving it the benefit of all reasonable inferences.  *Fox v. Eagle Dist. Co., Inc.*, 510

F.3d 587, 592 (6th Cir. 2007) (Griffin, J.).  But the court considers its evidence only to the extent that

it would be admissible at trial.  *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Healing*

*Place*, 744 N.W.2d at 177 (citing MICH. CT. R. 2.116(G)(6) and *Veenstra v. Washtenaw Country*

*Club*, 645 N.W.2d 643, 648 (Mich. 2002))).

Ultimately, "[e]ntry of summary judgment is appropriate 'against a party who fails to make

a showing sufficient to establish the existence of an element to that party's case, and on which that

party w[ould] bear the burden of proof at trial.'"  *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13

(citing *Davison v. Cole Sewell Corp.*, 231 F. App'x 444, 447 (6th Cir. 2007) (quoting *Celotex*, 477

U.S. at 322)).[5]  As then-Chief Judge Bell characterized the post-trilogy summary-judgment standard,

---

(Mich. App. 2007) ("When the burden of proof at trial would rest on the nonmoving party, the nonmovant may not rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial.") (citing *Quinto v. Cross & Peters Co.*, 547 N.W.2d 314, 317 (Mich. 1996)).

[4]

  *Accord Dolan v. Continental Airlines/Express*, 563 N.W.2d 23, 26 (Mich. 1997).

[5]

A trilogy of 1986 Supreme Court decisions "made clear that, contrary to some prior precedent, the use of summary judgment is not only permitted but encouraged in certain circumstances . . . ."  *Collins v. Assoc'd Pathologists, Ltd.*, 844 F.2d 473, 475-76 (7th Cir. 1988).

"[w]hile preserving the constitutional right of civil litigants to a trial on meritorious claims, the

courts are now vigilant to weed out fanciful, malicious, and unsupported claims before trial."

*Wilson*, 112 F. Supp.2d at 654.

## A Federal Court's Application of State Law

"'In applying state law, we anticipate how the relevant state's highest court would rule in

the case and are bound by controlling decisions of that court.'" *Appalachian Railcar Servs. v.*

*Boatright Enters., Inc.*, – F. Supp.2d –, –, 2008 WL 828112, *14 (W.D. Mich. 2008) (Paul L.

Maloney, J.) ("*ARS*") (quoting *National Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc.*, 472 F.3d

436, 438 (6th Cir. 2007) (Richard Allen Griffin, J.) (citation omitted)).  If the state supreme court has

not conclusively decided the issue, a federal court presumptively looks to the decisions of the state's

appellate courts:  "In anticipating how the state supreme court would rule, 'we look to the decisions

of the state's intermediate courts unless we are convinced that the state supreme court would decide

the issue differently.'"  *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14 (citing *US v. Lancaster*, 501

F.3d 673, 679 n.3 (6th Cir. 2007) (Griffin, J.) (citation omitted)); *see also West v. AT&T Co.*, 311

---

*Accord In re Fin. Federated Title & Trust, Inc.*, 347 F.3d 880 (11th Cir. 2003) (the trilogy
"encourage the use of summary judgment as a means to dispose of factually unsupported claims.");

  *Hurst v. Union Pacific Rail Co.*, 1991 WL 329588, *1 (W.D. Okla. 1991) ("This trilogy of
cases establishes that factual and credibility conflicts are not necessarily enough to preclude
summary judgment and encourage that a summary judgment be used to pierce the pleadings and
determine if there is in actuality a genuine triable issue."), *aff'd*, 958 F.2d 1002 (10th Cir. 1992);

  *Bowser v. McDonald's Corp.*, 715 F. Supp. 839, 840 (S.D. Tex. 1989) (the trilogy
"encouraged federal district courts to use summary judgment more frequently and economically by
changing the movant's burden of production . . . and by allowing qualitative review of evidence")
(citations omitted).

U.S. 223, 236-37 (1940) ("A state is not without law save as its highest court has declared it. There are many rules of decision commonly accepted and acted upon by the bar and inferior courts which are nevertheless laws of the state although the highest court of the state has never passed upon them. In those circumstances the federal court is not free to reject the state rule merely because it has not received the sanction of the highest state court . . . .").

In determining what is the controlling law of the State, a federal court also "*may give weight*" to the decisions of the State's trial courts, *Bradley v. GMC*, 512 F.2d 602, 605 (6th Cir. 1975) (citing *Royal Indem. Co. v. Clingan*, 364 F.2d 154 (6th Cir. 1966)), especially when the trial court's decision is consistent with state appellate decisions, *Bradley*, 512 F.2d at 605.

## PRECEDENTIAL VALUE OF MICHIGAN DECISIONS

A federal court must accord the same precedential value to a state-court decision as it would be accorded by that state's courts. *See ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14 (citing (citing *Mutuelle Generale Francaise Vie v. Life Ass. Co. of Pa.*, 688 F. Supp. 386, 397 n.15 (N.D. Ill. 1988) ("[O]ne Supreme Court decision (*Fid. Union Trust Co. v. Field*, 311 U.S. 169 . . . (1940)) . . . required a federal court to ascribe the same precedential force to a New Jersey trial court decision that such a decision would receive in that state's court system under the peculiarities of New Jersey law.")). If a state court would not be bound by a particular state-court decision, then neither is this court. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14 (citing *King v. Order of United Commercial Travelers of Am.*, 333 U.S. 153, 161 (1948) ("a federal court adjudicating a matter of state law in a diversity suit is, in effect, only another court of the State; it would be incongruous indeed to hold the federal court bound by a decision which would not be binding on any state

court.") (citation omitted)).

Michigan Court Rule 7.215(C)(2) states that "[a] published decision of the Court of Appeals has precedential value under the rule of stare decisis." This subsection makes no distinction based on when the decision was issued.. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14.

However, Michigan Court Rule 7.215(J)(1) provides that "[a] panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals *issued on or after November 1, 1990*, that has not been reversed or modified by the Supreme Court or by a Special Panel of the Court of Appeals as provided in this rule." . *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14 (emphasis added).

Synthesizing Michigan Court Rules 7.215(C)(2) and 7.215(J)(1), the Michigan Court of Appeals accords precedential value to *all* of its prior published decisions, regardless of when they were issued. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *14. When a post-November 1, 1990 published Court of Appeals decision conflicts with a *pre*-November 1, 1990 published Court of Appeals decision, however, the *post*-November 1, 1990 decision prevails. *Id.*

When there is a conflict between two published decisions of the Court of Appeals that were *both* issued *after* November 1, 1990, Michigan courts must follow the first opinion that addressed the matter at issue. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *15 (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W. 2d 546, 554 (Mich. App. 1999) (citation omitted)).


By contrast, Michigan Court of Appeals panels are not bound by *un*published decisions of that same court, regardless of when they were issued. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *15 (citing *Iqbal v. Bristol West Ins. Group*, 748 N.W.2d 574, 582 n.5 (Mich. App. 2008) (citing

-10-

MICH. CT. R. 7.215(J)(1))).  Nonetheless, this court may consider unpublished state-court decisions,

so long as they do not contradict published decisions of the Michigan Supreme Court or Michigan

Court of Appeals.  *See Republic-Franklin Ins. Co. v. Bosse*, 89 F.3d 835, 1996 WL 301722, *5 n.4

(6th Cir. June 4, 1996) (although unpublished decisions are not generally controlling under Ohio law,

"[w]e cite them, nevertheless, due to our sensitivity to state law in deciding diversity cases.") (citing

*Royal Indem. Co.*, 364 F.2d at 154 ("Although we are not bound in a diversity case by an unreported

decision of a State court of original jurisdiction, we may give weight to this [unreported] decision

of the chancery [court] in determining what is the controlling [state] law.")).

Finally, a federal court's interpretation of state law is not binding.  *ARS*, – F. Supp.2d at –,

2008 WL 828112 at *14 (citing *Leavitt v. Jane L.*, 518 U.S. 137, 146 (1996) (Stevens, J., dissenting

o.g., joined by Souter, Ginsburg, & Breyer, JJ.) ("[T]he decision of a federal court (even this Court)

on a question of state law is not binding on state tribunals . . . .")); *accord McGrath v. Toys 'R Us,

Inc.*, 356 F.3d 246, 250 (2d Cir. 2004) (citing *Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86,

90 (2d Cir. 1996) and 20 AM. JUR. 2D COURTS § 225 (1965)).  Accordingly, this court will seriously

consider our Circuit's interpretation of state law, or another district court's interpretation of state

law, but is not bound by it.  *See ARS*, – F. Supp.2d at –, 2008 WL 828112 at *15.  *See, e.g.,

Michigan Protection & Advocacy Servs. v. Michigan DOC*, – F. Supp.2d –, –, 2008 WL 4507549,

*7 (W.D. Mich. Oct. 8, 2008) (Paul L. Maloney, C.J.) (declining to follow U.S. District Court for

the Eastern District of Michigan's determination that MDOC is a political subdivision of the State

of Michigan, a matter of state law).


### DISCUSSION
#### Obligation to Consult with Opposing Counsel

The Griffins allege that Royal and Nielson did not seek their concurrence before filing this motion as required by this district's local rules.  The Griffins state:

> Plaintiffs deny that Defendants' attorney attempted to contact Plaintiffs' counsel, Matthew S. DePerno, by telephone and e-mail to seek Plaintiffs' concurrence in Defendants' motion pursuant to Local Rule 7.1.  Therefore, Plaintiffs asse[r]t that Defendants' motion should be denied on the grounds that Defendants have not satisfied Local Rule 7.1.  Defendants' counsel did not seek concurrence and therefor filing the motion was not necessary.
>
> On September 24, 2008, Plaintiffs' counsel received no e-mail messages from Defendants' counsel.  In addition, Plaintiffs' counsel received no telephone calls from Defendants' counsel.  In fact, on September 24, 2008, Plaintiffs' counsel received 27 telephone calls, none of which were from any exchange from Defendants' counsel['s] law firm.  The majority of the calls were from Battle Creek, Kalamazoo, and Mattawan [Michigan].  There was one call from a law firm in Birmingham [presumably Michigan], three calls from a law firm in Grand Rapids [presumably Michigan], and one call from an attorney in Arlington, VA.  Of these call[s], none were [sic] from Defendants' counsel's law firm.  Finally, Plaintiffs' counsel checked his phone records for September 23, 2008 and September 25, 2008.  On these days, Plaintiff[s'] counsel received 18 and 26 calls, respectively, none of which were from Defendants' counsel's law firm.

Pls.' Opp at 1-2.  The Griffins contend that Royal and Nielson's alleged violation of LCIVR 7.1 warrants denial of their motion for summary judgment.  Pls'. Opp at 2 and 15.[6]

---

[6]

The Griffins also wish to sanction Royal & Nielson for their alleged violation of LCIVR 7.1.  Pls. Opp at 2 and 15.  The court will not consider this request, however, because the Federal Rule of Civil Procedure governing non-discovery sanctions provides that "[a] motion for sanctions under this rule shall be made separately from other motions or requests . . . ." FED. R. CIV. P. 11(c)(1)(A).  "The drafters instruct that a 'separate' motion is one that is 'not simply included as an additional prayer for relief contained in another motion.'"  *Ridder v. City of Springfield*, 109 F.3d 288, 294 n.7 (6th Cir. 1997) (quoting Advisory Comm. Notes to 1993 Amendments of FED. R. CIV. P. 11).

If the Griffins wished to seek Rule 11 sanctions for Royal and Nielson's alleged misrepresentation about their compliance with LCIVR 7.1, they would have to "follow a two-step process: first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court."  *Ridder*, 109 F.3d at 294.  *See, e.g., Standard Ins. Co. v. Cooper-Pipkins*, 2008 WL 5000044 (N.D. Tex. Nov. 24, 2008) (because sanctions motion failed to comply with Rule 11's "safe harbor provision", court denied the motion

The rule which the Griffins invoke is entitled "Attempt to obtain concurrence" and provides:

> With respect to all motions, the moving party shall ascertain whether the motion shall be opposed.  In addition, in the case of all discovery motions . . . .  All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule.

W.D. MICH. LCIVR 7.1(d) (emphasis added).  It is true that "failure to follow Local Rule 7.1(d) 'provides a sufficient basis in itself' to deny a motion . . . ."  *Krygoski Const. Co., Inc. v. City of Menominee, Michigan*, 2006 WL 2092412, *2 (W.D. Mich. July 26, 2006) (Richard Allan Edgar, J.) (quoting *Woodhull v. Kent Cty.*, 2006 WL 708662, *1 (W.D. Mich. Mar. 21, 2006) (Wendell Miles, J.) ("The importance of the communication required by this rule . . . cannot be overstated.")).  *See, e..g, Aslani v. Sparrow Health Sys.*, 2008 WL 4642617 (W.D. Mich. Oct. 20, 2008) (Paul L. Maloney, C.J.) (defendants' failure to comply with LCIVR 7.1(d) warranted denial without prejudice of their motion to dismiss); *Kim v. USDOL*, 2007 WL 4284893, *1 (W.D. Mich. Dec. 4, 2007) (Brenneman, U.S.M.J.) ("[T]he court properly denied plaintiff's motion for judgment on the pleadings because he failed to seek concurrence under the local court rule, W.D. MICH. LCIVR 7.1(d), and the motion was premature.").[7]

---

without prejudice); *Ferris v. Rollins College, Inc.*, 2008 WL 4569872 (N.D. Fla. Oct. 9, 2008) ("Plaintiff also did not follow the procedural requirements to request sanctions, such as filing a separate motion with the Court.  Accordingly, Plaintiff's request for sanctions is denied.").

    *Cf.* FED. R. APP. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."); *Bagsby v. Gehres*, 225 F. App'x 337, 354 (6th Cir. 2007) (Advisory Committee Notes to FED. R. APP. P. 38 "make clear that a statement inserted into an appellee's brief requesting sanctions does not constitute sufficient notice, but rather the appellee must file a separate motion for sanctions"); *see, e.g., Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) ("Finally, we deny all requests for sanctions because none of the parties has filed a separate motion as required by FED. R. APP. P. 38.").

[7]

    *Cf. Deuel v. Law Offices of Timothy E. Baxter & Assocs., PC*, 2008 WL 482850, *1 (W.D.

Royal and Nielson respond, simply, "Plaintiffs' assertion that Defendants made no attempt to seek concurrence before filing their motion for summary judgment, as required under Local Rule 7.1, is incorrect."  Royal & Nielson's Reply Br. at 1.  Royal & Nielson's reply brief attaches what appears to be an e-mail exchange between their counsel and the Griffins' counsel.  The e-mail from Royal & Nielson's counsel, sent by Joshua Richardson, Esq., at 10:21 a.m. on Wednesday, September 24, 2008, explains that "I am contacting you, pursuant to Local Rule 7.1(d), to seek your concurrence in our filing of a motion for summary judgment", and adds that attempts to reach the Griffins' counsel by telephone were unsuccessful.  *See* Royal & Nielson's Reply Br., Ex. A at 1-2. The response from the Griffins' counsel, sent by Matt DePerno, Esq., just seven minutes later, states, in pertinent part, "I will object to the motion.  I see no basis for a motion for summary [judgment] on your part."  *Id.* at 1.

---

Mich. Feb. 19, 2008) (Brenneman, M.J.) (denying defendant's motion for a more definite statement because it "failed to affirmatively state the efforts it made to ascertain whether the motion would be opposed" and failed to file a supporting brief, violating W.D. MICH. LCIVR 7.1(d) and 7(a));

*Silver v. Giles*, 2007 WL 2219355, *1 n.1 (W.D. Mich. July 27, 2007) (Miles, J.) ("In addition to failing to supply a supporting brief, plaintiff's motion failed to contain the affirmative statement of attempt to obtain concurrence required by Local Rule 7.1(d).  Plaintiff is hereby notified that any future motions filed without full compliance with these requirements will be stricken.");

*Powers v. Thomas M. Cooley Law School*, 2006 WL 2711512, *3 (W.D. Mich. Sept. 27, 2006) (Scoville , M.J.) ("Plaintiff's counsel . . . allowed defense counsel less than one business day in which to react to the issue, clearly an unreasonable time.  Plaintiff's counsel has displayed impatience and not a "good-faith effort to resolve each specific discovery dispute", as required by this court's local rules.  This failure, in and of itself, is grounds for denial of the motion and imposition of sanctions.") (record citations omitted).

*Contrast CMS No. America, Inc. v. DeLorenzo Marble & Tire, Inc.*, 521 F. Supp.2d 619, 631-32 (W.D. Mich. 2007) (Paul L. Maloney, J.) (declining to strike or deny motion to dismiss, notwithstanding apparent violation of LCIVR 7.1(d), because motion correctly noted lack of subject-matter jurisdiction, a defect that could not be waived or abandoned by the action of the parties).

Because the Griffins have not challenged the authenticity of this e-mail exchange, which occurred before Royal & Nielson filed the instant motion for summary judgment, the court accepts the e-mail exchange as a true and accurate record of communication between counsel. Accordingly, the court finds that Royal & Nielson complied with Local Civil Rule 7.1(d).

## DISCUSSION
### Michigan Res Judicata Does Not Bar the Griffins' Claims against Any of the Defendants

By opinion and order denying the Wienner defendants' motion to dismiss on October 28, 2008, this court held that Michigan *res judicata* does not bar the Griffins' claims. That holding is the law of the case. "The law-of-the-case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Williams v. McLemore*, 247 F. App'x 1, 4 (6th Cir. 2007) (Richard Allen Griffin, J.) (quoting *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983))). "The doctrine bars a court from reconsidering issues 'decided at an early stage of the litigation, either expressly or by necessary inference from the disposition.'" *Williams*, 247 F. App'x at 4 (quoting *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.*, 865 F.2d 761, 766 (6th Cir. 1989))).

The law-of-the-case doctrine is not a completely inflexible command. *See Kruska v. Perverted Justice Found., Inc.*, 2008 WL 4936693, *1 (D. Ariz. Nov. 17, 2008) ("The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion.") (citing *Arizona*, 460 U.S. at 618); *accord Polak v. Kobayashi*, 2008 WL 4905519, at *8 n.16 (D. Del. Nov. 13, 2008) ("[T]he law-of-the-case doctrine does not limit a federal court's power, rather it directs its exercise of discretion.") (citing *Lambert v. Blackwell*, 387 F.3d 210, 236 n.20 (3d Cir. 2004)).

But the court's discretion to "'reach a result inconsistent with a prior decision reached in the same case is to be exercised very sparingly, and only under extraordinary conditions.'" *Watt v. US*, 162 F. App'x 486, 501 (6th Cir. 2006) (Richard Allen Griffin, J.) (quoting *Gragg v. Somerset Tech. Coll*, 373 F.3d 763, 767 (6th Cir. 2004)). "The law-of-the-case doctrine supports 'finality and efficiency [in] the judicial process.'" *US v. Columbia/HCA Healthcare Corp.*, – F. Supp.2d –, –, 2008 WL 4964660, *4 (W.D. Va. Nov. 23, 2008) (quoting *Christiansen v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).

Defendants Royal and Nielson have not established the existence of any extraordinary conditions to warrant departure from this court's recent application of the Michigan *res judicata* doctrine in this case. *See* Royal & Nielson's MSJ at 3-8 and Reply Br. at 1-4. Most important, they have not shown any intervening change in Michigan *res judicata* law – i.e., any new binding precedent from the Michigan Supreme Court or Michigan Court of Appeals – to warrant a different conclusion than this court reached less than five weeks ago.

Accordingly, the court adheres to its October 28, 2008 decision as the law of the case regarding the Michigan doctrine of *res judicata*. *Cf. Holmes v. Heckler*, 1984 WL 62832, *2 (N.D. Ohio May 15, 1984) (Ann Aldrich, J.) ("[T]he Court . . . held that the law to be applied on the marital status issue was the law of Alabama. Once that determination was made, it became the 'law of the case', which . . . will not be reconsidered by this Court.") (citing *Hildreth v. Union News Co.*, 315 F.2d 548, 549 (6th Cir. 1963)).

## DISCUSSION
### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

Royal and Nielson correctly note that the Griffins allege no illegal debt-collection activities

by Royal and Nielson (or by any other defendants) after December 22, 2005, and the Griffins did not file the instant complaint in state court until December 2007. Accordingly, they contend, the Griffins' FDCPA claim against these two defendants is barred by 15 U.S.C. § 1692k(d), which provides, "Any action to enforce any liability under this subchapter may be brought . . . within one year from the date on which the violation occurs."

Whether a cause of action is barred by a statute of limitations is a question of law. *Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005) (citing *Sierra Club v. Slater*, 120 F.3d 623, 630 (6th Cir. 1997)), *cert. denied*, 547 U.S. 1142 (2006); *see also Watt v. US*, 162 F. App'x 486, 497 n.5 (6th Cir. 2006) (Griffin, J.) (citations omitted).  The Griffins do not deny that their complaint alleges no illegal debt-collection activities by any defendants after December 22, 2005, *see* Comp ¶ 35, which was more than one year before they filed the instant complaint in state court in December 2007.

Moreover, the Griffins do not contend that the court should equitably toll the limitations period.  Absent such a contention by the Griffins, the court has the authority but not the obligation to raise the equitable tolling issue *sua sponte*.  In its discretion, the court will not attempt to fashion arguments for tolling on the Griffins' behalf. *Cf. Salaam v. Gundy*, 2007 WL 1011286, *5 (E.D. Mich. Mar. 29, 2007) (O'Meara, J.) ("Petitioner's explanation could also serve as a defense to the statute of limitations bar . . . .   However, the Petitioner fails to raise the defense and the Court declines to *sua sponte* discuss the issue . . . .").

Rather, the Griffins contend only that Royal and Nielsen waived the limitations argument by failing to assert it as an affirmative defense in their answer.  The Griffins argue as follows:

> [R]endering a decision on the merits of this argument is not permitted because Defendants have not raised this argument as an affirmative defense in their pleadings and are therefore now precluded from raising the defense in this motion. FED. R. CIV. P. 12(b) is very clear on this issue and states "[e]very defense to a claim for

-17-

> relief in any pleading must be asserted in the responsive pleading if one is required."
>
> In this case, Defendants filed their answer on January 18, 2008 and included as their affirmative defenses (1) the doctrine of immunity, (2) the doctrine of waiver, (3) that damages were caused by others, (4) collateral estoppel, and (5) res judicata. They did not assert a defense of the statute of limitations. FED. R. CIV. P. 12(b) further states that certain defenses can be asserted by motion. However, the defense of "statute of limitations" is not one such defense listed in FED. R. CIV. P. 12(b)(1)-(7). Therefore, Defendants are not permitted to now raise this defense and argument and it must not be considered.

Pls.' Opp to MSJ at 13-14 (paragraph break added). The Griffins, however, cite no case law in support of their unqualified assertion that this court is not "permitted" to render a decision on the limitations argument raised by Royal and Nielson's motion.

Sixth Circuit precedent clearly holds that failure to plead an affirmative defense does not invariably result in waiver. *See Seals v. GMC*, – F.3d –, –, 2008 WL 4899236, *3 (6th Cir. Nov. 17, 2008) (Guy, J., with Batchelder, J., concurring separately, and McKeague, J., concurring separately); *Old Lime Life Ins. Co. of America v. Garcia*, 418 F.3d 546, 549-550 (6th Cir. 2005); *Gilbert v. Ferry*, 413 F.3d 578, 579-80 (6th Cir. 2005) (citing *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997)).

For example, the court has discretion to entertain a ground for dismissal, despite the movant's failure to list it as an affirmative defense in its answer, when the opposing party had fair notice of that potential ground for dismissal by some other means. *See, e.g., Seals*, – F.3d at –, 2008 WL 4899236 at *3 ("Here, plaintiff's counsel had notice that GM intended to assert the release as an affirmative defense once the documents were discovered by defense counsel in producing plaintiff's personnel record.") (citing *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993)); *Old Lime*, 418 F.3d at 550.

Here, the Griffins do not even claim that they were surprised or unfairly prejudiced by Royal and Nielson's raising the limitations argument in this motion rather than in their answer to the

complaint.  *Cf. Stupak-Thrall v. Glickman*, 346 F.3d 579, 585 (6th Cir. 2003) ("Notably, the plaintiffs

never claimed they were prejudiced or unfairly surprised by the government's failure to file a

responsive pleading containing the affirmative defense.  Because the plaintiffs had a fair opportunity

to respond to the government's statute of limitations argument, we find that the plaintiffs suffered

no prejudice and, therefore, the government did not waive their defense.") (citation omitted).

Nor *could* the Griffins claim that they were surprised, as other defendants' answers have

already raised the FDCPA statute of limitations as an affirmative defense.  Well before Royal and

Nielson filed this motion, the filing of those other answers put the Griffins on notice that the statute

of limitations was being asserted as a possible ground for dismissal of the FDCPA claim.  *See P. &*

*E. Elec., Inc. v. Utility Supply of America, Inc.*, 655 F. Supp. 89, 95 n.1 (M.D. Tenn. 1986) (although

defendants Wood and Utility did not plead the statute of limitations as an affirmative defense in their

answers, "the defense of statute of limitations was raised by each of the other defendants and

responded to by the plaintiff.  The issues raised by that defense would be identical for the defendants

Don Wood and Utility. [T]he interests of justice require the Court to consider the defense as not

having been waived.") (citing *Heller v. Smither*, 437 F. Supp. 1, 2 n.3 (M.D. Tenn. 1977)).  *Accord*

*Ringuette v. City of Fall River*, 146 F.3d 1 (1st Cir. 1998); *Charpentier v. Godsil*, 937 F.2d 859, 864

(3d Cir. 1991) ("[I]t would be inappropriate for us to hold that Dr. Lewis' immunity defense was

waived [because his answer failed to assert it as an affirmative defense].  The answers of the other

defendants . . . should have alerted, and undoubtedly did alert, Charpentier to the issue of immunity

. . . ."); *LNC Investments, Inc. v. First Fidelity Bank*, 2000 WL 375236, *2 (S.D.N.Y. Apr. 11, 2000)

("Where only one of several defendants asserts a particular defense, the trial court may regard the

other defendants' answers [as amended] under Rule 15(a), FED.R.CIV.P., to include that defense, at

least in a case where 'plaintiff was aware that all defendants were taking similar positions,' a circumstance clearly present in the instant case.") (quoting *Van Pier v. Long Island Savings Bank*, 20 F. Supp.2d 535, 540 n.6 (S.D.N.Y. 1998)).

Therefore, the court concludes that Royal and Nielson have not waived the FDCPA statute of limitations defense, and  the Griffins' FDCPA claim is time-barred.

### ORDER

The motion to dismiss or for summary judgment filed by defendants Larry Nielsen and Thomas Royal [document # 55] is **GRANTED in part and DENIED in part.**

Nielson and Royal's motion for summary judgment on the entire complaint on the ground of Michigan *res judicata* is **DENIED**.

Nielson and Royal's motion for summary judgment on the FDCPA claim on the ground of untimeliness is **GRANTED**.

The Griffins' FDCPA claim is **DISMISSED as to all defendants.**

This is not a final order, so it is not immediately appealable.  *See Bd. of Ed. of Avon Lake City Sch. Dist. v. Patrick M.*, 2000 WL 712500, *4 n.5 (6th Cir. 2000) ("Absent certification [of] an interlocutory appeal under 28 U.S.C. § 1292(b) or FED. R. CIV. P. 54(b), an order disposing of fewer than all parties or claims is nonappealable.") (citing *Wm. B. Tanner Co. v. US*, 572 F.2d 101, 102 (6th Cir. 1978)).

**IT IS SO ORDERED this 2nd day of December 2008.**[8]

---

[8]

On November 4, 2008, pursuant to FED. R. CIV. P. 12(b)(6) and FED. R. CIV. P. 56, defendant

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

Gladwin County filed a motion to dismiss for failure to state a claim on which relief can be granted, or, in the alternative, a motion for summary judgment [document #52]. That motion is not yet ripe for decision, because the court has yet to receive the plaintiffs' opposition brief or Gladwin County's reply brief and determine whether or not to hear oral argument.

The court notes that Gladwin County's motion seeks dismissal of the Griffins' FDCPA claim on the ground that it is barred by the statute of limitations. There is no point in delaying the dismissal of the FDCPA claim until the court's disposition of Gladwin County's motion, when the limitations argument is clearly meritorious and already raised in the instant motion.